*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0390**

Sam Abdulla Saaidi,
Relator,

vs.

Morgan Food Enterprises of Rochester, Inc.,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed November 30, 2015
Affirmed
Reilly, Judge**

Department of Employment and Economic Development
File No. 32735345-5

Sam Abdulla Saaidi, Rochester, Minnesota (pro se relator)

Christopher C. Wendland, Wendland Utz, Rochester, Minnesota (for respondent Morgan Food Enterprises of Rochester)

Lee B. Nelson, Munazza Humayun, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department of Employment and Economic Development)

Considered and decided by Schellhas, Presiding Judge; Rodenberg, Judge; and

Reilly, Judge.

UNPUBLISHED OPINION

**REILLY**, Judge

Relator challenges an unemployment-law judge's (ULJ) determination that he is ineligible to receive unemployment benefits because he was terminated from employment for misconduct. We affirm.

## FACTS

Relator Sam Saaidi was discharged from employment by Morgan Food Enterprises of Rochester, Inc. which is owned by James Morgan. On August 2, 2014, a determination of ineligibility was issued denying relator unemployment benefits. Relator appealed and an evidentiary hearing was held. Relator, relator's witness, Paul Fischer, and Morgan participated in the hearing. A decision of eligibility for relator was issued on September 18, 2014. The ULJ found that Morgan's testimony was not reliable, but that relator's testimony was not much better, and determined that relator was discharged for reasons other than employment misconduct. In support of the determination the ULJ found by "[a] preponderance of the available evidence" that relator was absent from work on January 7, 2014, due to transportation problems but his attendance was otherwise good until he was absent on June 20 and 24, 2014.

Respondent sought and the ULJ granted reconsideration. The ULJ conducted a second evidentiary hearing. The ULJ determined that relator's testimony was not as credible as respondent's testimony. On December 23, 2014, the ULJ issued a determination that relator was discharged for reasons of employment misconduct. The ULJ found that relator was absent from scheduled work (1) on January 7, 2014, due to

transportation problems; (2) on May 7, 2014, due to personal reasons; (3) on June 8 and 9, 2014, to go fishing; (4) on approximately June 20, 2014, because he was stuck in Iowa; and (5) on approximately July 1, 2014, because he was sick, possibly from drinking the night before. The ULJ also found that on approximately June 24, 2014, Morgan warned relator that he "needed to report for work when scheduled and if the problem was not corrected he would be discharged." Regarding the final absence preceding the discharge, the ULJ found that relator asked Paul Fischer, the manager of the apartment building where he lived, to call in sick to work for him. Morgan told Fischer that relator must call Morgan personally to discuss the absence or relator would be terminated from employment. It is undisputed that relator was aware of this and failed to contact Morgan.

Relator requested reconsideration of the December 23, 2014 decision. The decision was affirmed based on the undisputed fact that relator did not call Morgan personally on July 1, 2014, despite being told if he did not call he would be terminated.

## D E C I S I O N

We review a ULJ's order to determine whether it is "(1) in violation of constitutional provisions; (2) in excess of the statutory authority or jurisdiction of the department; (3) made upon unlawful procedure; (4) affected by other error of law; (5) unsupported by substantial evidence in view of the entire record as submitted; or (6) arbitrary or capricious." Minn. Stat. § 268.105, subd. 7(d) (2014). Whether an employee engaged in conduct that disqualifies the employee from unemployment benefits is a mixed question of fact and law. *See Colburn v. Pine Portage Madden Bros., Inc.*,

3

346 N.W.2d 159, 161 (Minn. 1984) (concluding determination of misconduct is mixed question of fact and law). We review findings of fact in the light most favorable to the ULJ's decision. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006). Whether a particular act constitutes disqualifying misconduct is a question of law, which this court reviews de novo. *Ress v. Abbott Northwestern Hosp., Inc.*, 448 N.W.2d 519, 523 (Minn. 1989).

Relator asserts that the reason for his appeal is his "employer offered evidence of only two occasions that [relator] was absent from work." He contends he "had legitimate reasons for both absences and notified [his] supervisor on both occasions." This is contrary to the factual findings of the ULJ, and we will not disturb the factual findings of the ULJ if they are substantially supported by the evidence. *Skarhus*, 721 N.W.2d at 344. The ULJ found that relator was absent from scheduled work in 2014 on six occasions; that relator received a warning on June 24, 2014, that his failure to report to work when scheduled would result in termination; and that he was terminated because he failed to call Morgan personally when informed that failing to call would result in his termination. All of these findings are supported by the record before this court, and although some of the evidence was contradicted, we give deference to the ULJ's credibility determinations. *Jenson v. Dep't of Econ. Sec.*, 617 N.W.2d 627, 631 (Minn. App. 2000), *review denied* (Minn. Dec. 20, 2000).

Because the ULJ's factual findings are substantially supported by the evidence, we must determine if, based on the factual findings, relator's behaviors constitute misconduct as a matter of law. *Ress*, 448 N.W.2d at 523. Employment misconduct is

4

defined as "any intentional, negligent, or indifferent conduct, on the job or off the job that displays clearly . . . a serious violation of the standards of behavior the employer has the right to reasonably expect of the employee; or . . . a substantial lack of concern for the employment." Minn. Stat. § 268.095, subd. 6(a) (2014).

It is undisputed that relator failed to call Morgan personally after relator was informed that if he did not personally call to discuss the absence he would be terminated. Relator testified that his reason for not calling was that he did not feel well and did not want a lecture from respondent. "[R]efusing to abide by an employer's reasonable policies and requests amounts to disqualifying misconduct." *Schmidgall v. FilmTec Corp.*, 644 N.W.2d 801, 804 (Minn. 2002). In light of the June 24, 2014 warning that relator must "report for work when scheduled," Morgan reasonably requested that relator call Morgan personally to discuss the absence. By refusing to abide by Morgan's request, relator demonstrated a substantial lack of concern for the employment and his behavior amounted to misconduct.

**Affirmed.**